**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DR. JOHN SAZY**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4379-L** |
| | § | |
| **DEPUY SPINE, LLC; DEPUY SPINE,** | § | |
| **INC.; DEPUY ACROMED, INC.; and** | § | |
| **SUSAN BROWNELL**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed November 5, 2013. After careful consideration of the motion and brief, response and brief, reply, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.     Background**

Dr. John Sazy ("Plaintiff" or "Dr. Sazy") originally filed this action on September 30, 2013, in the 192nd Judicial District Court of Dallas County, Texas, against DePuy Spine, LLC; DePuy Spine, Inc.; and DePuy AcroMed, Inc. ("DePuy Defendants"). Plaintiff sued the DePuy Defendants for breach of contract; breach of covenant of good faith and fair dealing; breach of fiduciary duty; conversion; fraud, fraud by nondisclosure, and fraud in the inducement; tortious interference with contracts and/or prospective business relations; defamation; civil conspiracy; aiding and abetting, joint enterprise, assisting and encouraging, participatory and vicarious liability, and concert of action; declaratory judgment; and unjust enrichment. Pl.'s Orig. Pet. 3-7. Dr. Sazy filed Plaintiff's First Amended Petition ("Amended Petition") on October 17, 2013, added Susan Brownell ("Brownell") as a defendant, and asserted the same claims as he did in

Plaintiff's Original Petition.  *See* Pl.'s First Am. Pet. Brownell is only sued as to Count Nine of the Amended Petition.  *Id.*

Defendants removed this action to federal court on October 30, 2013, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]  Defendants contend that Brownell, the in-state defendant, was improperly joined, that the court should therefore ignore her citizenship in determining whether diversity of citizenship exists, that the court should deny Plaintiff's Motion to Remand, and that the case should remain in federal court.  Dr. Sazy disagrees.  He contends that Brownell was not improperly joined and valid claims exist against her, that complete diversity does not exist, and that the court should remand the action to state court.

## II.    Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past.  Although there is no substantive difference between the two terms, 'improper joinder' is preferred."  *Id*. at 571 n.1.  Accordingly, the court uses the term "improper joinder" in this opinion. As the parties wishing to invoke federal jurisdiction by alleging improper joinder, Defendants have the burden to establish that Brownell was joined by Dr. Sazy to defeat federal jurisdiction.  *Id*. at

---

[1] The parties agree that the amount-in-controversy requirement has been met.  Accordingly, the court confines its opinion to the issues of diversity and improper joinder.

575.  The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).  The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists.  *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Since Defendants do not assert fraud on the part of Dr. Sazy, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff

might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id.* If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded. *Smallwood*, 385 F.3d at 575. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted). To determine whether Brownell was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances,

conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).  A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted).  Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co*., 44 F.3d 256, 264 (5th Cir. 1995).

III.    **Analysis**

      A.    **Allegations of the Amended Petition**

Dr. Sazy and Brownell are citizens of Texas.  The ultimate issues presented by the motion are whether Brownell was improperly joined to defeat diversity jurisdiction and whether the action should therefore be remanded to state court or remain in federal court.

The only claims against Brownell are set forth in Count Nine of the Amended Petition. Brownell is only mentioned by name in two places in the Amended Petition.  The Amended Petition sets forth the following allegations against Brownell:

      6.    Defendant **Susan Kimberly Brownell** ("Defendant Brownell") is a Texas individual that may be served at her residence, 1690 Hilton Head Ln., Frisco, Texas 75034.
. . . .

**COUNT NINE:**    **AIDING AND ABETTING, JOINT ENTERPRISE, ASSISTING AND ENCOURAGING, PARTICIPATORY AND VICARIOUS LIABILITY, AND CONCERT OF ACTION**

38.    Plaintiff incorporates by reference all preceding paragraphs.

39.    The Defendants and Defendant Brownell aided and abetted one another in committing torts against the Plaintiff. The Defendants had specific intent and knowledge that their conduct constituted torts.

40.    Clearly, the Defendants and Defendant Brownell had the intent to assist one another in the torts. The Defendants and Defendant Brownell gave one another assistance or encouragement[,] and the Defendants' assistance or encouragement was a substantial factor in causing the torts.

41.    The actions of Defendants and Defendant Brownell complained of herein were a proximate cause of harm to Plaintiff.

Pl.'s First Am. Pet. ¶¶ 6, 38-41 (emphasis in original).

### B.    Applicable Standard for Pleadings

In deciding whether a plaintiff has pleaded sufficient facts for the district court to predict that a reasonable basis exists that a plaintiff might recover from a nondiverse defendant, the court must decide whether the state or federal standard for pleading applies. The state standard for pleadings is more relaxed than the federal standard required to defeat a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). A pleading in district or county courts of Texas is to include a "statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b). Texas courts are not to "give pleadings a too cabined reading." *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). Under Texas law, the pleading standard is one of "fair notice of the claim involved." Tex. R. Civ. P. 47(a). This standard "looks to whether the

opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—Fort Worth 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007).  A state court petition is to be liberally construed and is adequately pleaded if one can reasonably infer a cause of action from what is stated in the petition, even if the pleading party fails to allege specifically one of the elements of a claim.  *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

On March 1, 2013, Texas Rule of Civil Procedure 91a became effective.  This new rule provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.  A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1.  The motion must be decided "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."  Tex. R. Civ. P. 91a.6.  This new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6).

In an unpublished opinion, the Fifth Circuit applied Texas's "fair notice" pleading standard rather than the federal standard to determine whether the allegations of the petition in a removed case were sufficient to allege a claim under state law.  *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005).  Although *De La Hoya* is unpublished, its application of the Texas pleading standard is logical and sound.  When a party files suit in a Texas court, the party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system.  The court does not believe that one pleading in state court should be so hapless as to be put in the untenable position of having to anticipate removal to a

federal court system that applies a more exacting pleading standard. Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court or removed should govern. Moreover, in *Michels v. Safeco Insurance Company of Indiana*, the Fifth Circuit recently held that a district court correctly used the Texas "fair notice" pleading standard to determine whether the plaintiffs had sufficiently pleaded facts for the district court to predict that a reasonable basis existed that they might be able to recover against the nondiverse defendant. 544 F. App'x 535, 539 (5th Cir. 2013). For these reasons, the court applies the Texas "fair notice" standard to the allegations of the Amended Petition and examines it in the context of Texas Rules of Civil Procedure 47(a) and 91a.

### C.     Sufficiency of Plaintiff's Pleadings

As shown by the applicable law, Texas courts do not require much as to the sufficiency of pleadings; however, Plaintiff's pleadings do not even meet the liberal Texas standard. The allegations of the Amended Petition relevant to Brownell simply do not put one on notice that a cause of action for aiding and abetting the commission of the torts allegedly committed by the DePuy Defendants can reasonably be inferred against Brownell based on the allegations in paragraphs 38 through 41 of the Amended Petition. The allegations, as is readily apparent, are wholly conclusory and devoid of even a modicum of specificity on the part of Brownell. The allegations are woefully inadequate for the court to have a reasonable basis to predict that Dr. Sazy might recover against Brownell for aiding and abetting, joint enterprise, assisting and encouraging, participatory and vicarious liability, and concert of action. The Amended Petition is devoid of any allegations as to how Brownell aided and abetted, assisted, encouraged, or participated in acts allegedly committed by the DePuy Defendants. A reasonable person cannot ascertain from the allegations the basic nature of the controversy and what issues will be relevant at trial. At this

point, the court has no inkling of what Brownell allegedly did to harm or injure Dr. Sazy. All Plaintiff has done is present some amorphous and vague theory as to the basis for Brownell's purported liability. For example, the Amended Petition contains no allegations of specific acts committed by Brownell, no allegations that Brownell was a party to any agreement or contract with Dr. Sazy, and no allegations that she negotiated or administered any contract or agreement with Dr. Sazy.[2] Taking the allegations of Count Nine as true, the court cannot reasonably infer that Dr. Sazy is entitled to the relief he seeks against Brownell.

Plaintiff cites *Capital One v. Carter & Burgess, Inc.*, 344 S.W. 3d 477, 482 (Tex. App.—Fort Worth 2011, no pet.), for the proposition that a "claim of aiding and abetting fraud consisted of allegations that [the] defendant had provided substantial assistance in committing fraud." Pl.'s Br. in Supp. of Mot. to Remand 4. This statement is disingenuous. In *Capital One*, the plaintiff alleged that one defendant provided substantial assistance to another defendant "in accomplishing the fraud by misrepresenting that all five wastewater easements had been signed and recorded." *Capital One*, 344 S.W. 3d at 482. Contrary to Plaintiff's assertion, the plaintiff in *Capital One* alleged more than mere "substantial assistance." The plaintiff stated specifically how the defendant aided and abetted fraud, namely, by misrepresenting that all five wastewater easements had been signed and recorded. *Id.* Dr. Sazy's Amended Petition is silent as to how or what Brownell did to substantially assist the DePuy Defendants with respect to Count Nine. Accordingly, Dr. Sazy's reliance on *Capital One* is misplaced, and the case does not support his

---

[2] The court in pointing out the absence of these allegations is not accepting or considering the declaration of Brownell, to which Plaintiff objects. The court points out the lack of pertinent allegations in the Amended Petition to underscore the inadequacy of Plaintiff's pleadings as to Count Nine.

position that he has alleged sufficient facts for the court to reasonably predict that he might recover against Brownell as to Count Nine.

The court determines that Dr. Sazy improperly joined Brownell, the nondiverse defendant, to defeat diversity jurisdiction.  Since Brownell was improperly joined, the court will disregard her citizenship and hold that complete diversity exists between the parties.

## IV.    Conclusion

For the reasons herein stated, Brownell, the nondiverse defendant, was improperly joined to defeat diversity of citizenship, and the court ignores her citizenship for diversity purposes. Accordingly, the court **determines** that complete diversity of citizenship exists between the parties and that it has subject matter jurisdiction over this action, and **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 18th day of September, 2014.

Sam A. Lindsay
United States District Judge