IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DR. JOHN SAZY**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:13-CV-4379-L** |
| § | |
| **DEPUY SPINE, LLC; DEPUY SPINE,** § | |
| **INC.; DEPUY ACROMED, INC.; and** § | |
| **SUSAN BROWNELL**, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Compel Arbitration and Stay Litigation Pending Arbitration, filed November 6, 2013. After careful consideration of the motion and brief, response and brief, reply, record, and applicable law, the court **grants** Defendants' Motion to Compel Arbitration, **denies** Defendants' Motion to Stay Litigation Pending Arbitration, and **dismisses** this action **with prejudice**.

**I.      Background**

Dr. John Sazy ("Plaintiff" or "Dr. Sazy") is a citizen of Texas and resides in Texas. Defendants DePuy Spine, Inc. and DePuy AcroMed, Inc. are Ohio corporations with their principal places of business in Raynham, Massachusetts. Defendant DePuy Spine, LLC is an Ohio limited liability company whose sole member, Codman & Shurtleff, Inc., is a New Jersey corporation with its principal place of business in Raynham, Massachusetts. The DePuy Defendants are hereafter referred to as "DePuy." Defendant Susan Brownell ("Brownell") is a citizen and resident of Texas. The court recently denied Plaintiff's Motion to Remand because Dr. Sazy improperly joined Brownell as a defendant and held that it had jurisdiction over this action.

**Memorandum Opinion and Order - Page 1**

On or about January 7, 2002, DePuy and Plaintiff executed a Product Development Agreement ("PDA") for Plaintiff to participate in a program to assist it in the development of a "unitary banana-shaped TLIF cage made of titanium mesh." The PDA contained a Supplementary Agreement that would become effective if the product developed pursuant to the PDA was commercialized. The Supplementary Agreement set forth the terms and conditions under which Plaintiff could be paid a royalty. In early 2003, the Supplementary Agreement went into effect upon the commercialization of a product named Devex, and Plaintiff began receiving royalty payments.

The PDA contained an arbitration provision in Section 19, which set forth the arbitration procedures to be followed in the event of a dispute:

> 19.     DISPUTE RESOLUTION
>
> Any controversy or claim arising out of or relating to this Agreement or the validity, inducement, or breach thereof, shall be settled by arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then pertaining (available at www.adr.org), except where those rules conflict with this provision, in which case this provision controls. Any court with jurisdiction shall enforce this clause and enter judgment on any award. . . . The arbitration shall be held in Boston, Massachusetts and in rendering the award the arbitrator must apply the substantive law of the Commonwealth of Massachusetts (except where that law conflicts with this clause), except that the interpretation and enforcement of this arbitration provision shall be governed by the Federal Arbitration Act. Within 45 days of initiation of arbitration, the parties shall reach agreement upon and thereafter follow procedures assuring that the arbitration will be concluded and the award rendered within no more than eight months from selection of the arbitrator. Failing such agreement, the AAA will design and the parties will follow procedures that meet such a time schedule. Each party has the right before or, if the arbitrator cannot hear the matter within an acceptable period, during the arbitration to seek and obtain from the appropriate court provisional remedies such as attachment, preliminary injunction, replevin, etc., to avoid irreparable harm, maintain the status quo or preserve the subject matter of the arbitration . . . .

PDA § 19, App. 12.

DePuy later developed a device known as the Leopard cage. To avoid a dispute concerning royalties under the PDA, both parties entered into an amendment to the PDA ("Amendment") on July 22, 2003. The Amendment altered the PDA's definition of the term "Patent" and provided for reduced royalties to be paid to Plaintiff on sales of Leopard for a period of five (5) years. Plaintiff continued to receive royalty payments until January 2011, beyond the agreed applicable time period, and at the higher rate established in the original PDA. When this was discovered, all royalty payments to Plaintiff ceased in January 2011. Neither the Supplementary Agreement nor the Amendment altered the "Dispute Resolution Provision" of the PDA.

On September 30, 2013, Plaintiff filed this action in state court, alleging claims against the Defendants for (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) conversion; (5) fraud, fraud by non-disclosure and fraud in the inducement; (6) tortuous interference with contracts and/or prospective business relations; (7) defamation; (8) civil conspiracy; (9) aiding and abetting, joint enterprise, assisting and encouraging, participatory and vicarious liability, and concert of action; (10) declaratory judgment; and (11) unjust enrichment. Defendants removed the case to the United States District Court for the Northern District of Texas, Dallas Division. Pl.'s Orig. Pet. 3-7. On October 17, 2013, Dr. Sazy filed Plaintiff's First Amended Petition and added Brownell as a defendant. The action was removed to federal court on October 30, 2013. On November 6, 2013, Defendants moved to compel arbitration and to stay the litigation pending arbitration.

## II.     Motion to Compel Arbitration

Defendants move to compel arbitration based on the arbitration provision of the PDA, which requires arbitration of any disputes arising out of or relating to the PDA. Plaintiff counters

that he was fraudulently induced into entering into the arbitration agreement and that Defendants therefore are not entitled to enforce that provision against him.

### A.      Legal Standard

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). The FAA "provides for stays in proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3-4.) The Fifth Circuit employs a two-step inquiry when determining a motion to compel arbitration under the FAA. *See Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir.2002) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). The first step is to determine whether the parties agreed to arbitrate the dispute at issue. *Webb v. Instacorp., Inc.*, 89 F.3d 252, 258 (5th Cir.1996) (per curiam). The second step is to determine whether any legal restraints external to the agreement foreclose arbitration of the dispute. *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam) (citing *Mitsubishi*, 473 U.S. at 628).

Given the federal policy favoring arbitration, the court's task is narrowly circumscribed. *Singh v Choice Hotels, Int'l, Inc.*, No. 3:07-CV-0378-D, 2007 WL 2012432, at *2 (N.D. Tex. July 11, 2007). The court "may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967); *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 472 (5th Cir. 2002). "[I]f the complaint relates only to the arbitration clause itself, the court should adjudicate the claim. If, however, the complaint relates to the entire agreement, then it must be referred to the arbitrator for decision."

**Memorandum Opinion and Order - Page 4**

*Strawn v. AFC Enters., Inc.*, No. 99-41384, 2000 WL 1835291, at *3 (5th Cir. 2000) (per curiam); *see also Singh*, 2007 WL 2012432, at *2.

### B.     Step One: Agreement and Scope

The determination of whether the parties agreed to arbitrate the dispute at issue requires consideration of whether a valid agreement to arbitrate exists among the parties and whether the dispute is within the scope of the arbitration agreement. *Webb*, 89 F.3d at 258. Here, Defendants have presented evidence of an agreement to arbitrate in the 2002 PDA. The language in the PDA extends to "any controversy or claim arising out of or relating to this Agreement or the validity, inducement, or breach thereof." PDA § 19, App. 12. The phrase "any controversy or claim arising out of or relating to this Agreement" makes apparent to the court the parties' intention that the arbitration agreement be given a broad interpretation. Plaintiff and Defendants clearly bargained for the right to resolve, through arbitration, disputes related to the PDA.

### C.     Step Two: Legal Restraints

The next step is to determine whether any legal restraints external to the agreement foreclose arbitration of the claims at issue here. *See OPE Int'l LP*, 258 F.3d at 445-46. Here, in the First Amended Petition, Plaintiff alleges that he was fraudulently induced into "entering an agreement whereby [he] would be paid agreed upon royalty payments." Pl.'s First Am. Pet. Plaintiff repeatedly points to the PDA as the agreement to which both parties entered, rather than isolating the arbitration clause. Only in Plaintiff's Response to Defendants' Motion to Compel Arbitration does Plaintiff subsequently argue that the arbitration agreement fails as a matter of contract law because he was fraudulently induced into entering the arbitration agreement by the promise of royalty payments that DePuy never intended to pay. Plaintiff then contends that DePuy knowingly made false material representations that formed the basis of the contracts between the

**Memorandum Opinion and Order - Page 5**

parties and DePuy intended for Plaintiff "to rely on these misstatements so that he would sign the contract and agree to arbitrate any disputes in Boston, far from his Texas home." Pl.'s Resp. 3. While this argument appears to be an attack on the arbitration provision itself, it is directed at the validity of the entire agreement, constituting the PDA, and therefore is not a valid basis for foreclosing arbitration. *See Strawn*, 2000 WL 1835291, at *3; *Singh*, 2007 WL 2012432, at *2.

Further, the plain language of the arbitration provision of the PDA provides that a claim of "inducement" is subject to arbitration. PDA § 19, App. 12. By the plain language of the provision, any claims relating to the inducement of the agreement, such as Plaintiff's claim of fraudulent inducement, are subject to arbitration. Since no legal restraints external to the 2002 PDA foreclose arbitration of Plaintiff's claims, he is required to submit his claims to arbitration.

## III.     Motion to Stay Litigation

Defendants move to stay the proceedings pending arbitration. Plaintiff argues that the motion for a stay should be denied based on the first-filed rule because of claims in an arbitration that Defendants later filed. The first-filed rule is inapplicable in this case, as Defendants seek a stay only after Plaintiff's claims are sent to arbitration, not in relation to the arbitration claim they later filed.

In any event, the court will deny the motion to stay for an independent reason. When a court determines that all claims of a lawsuit are subject to arbitration, dismissal of the action with prejudice is appropriate and within the court's discretion. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citations omitted). The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review based on the grounds set forth in the Federal

Arbitration Act. *Id.* (citation omitted). The court determines that all of Plaintiff's claims are arbitrable and will dismiss this action with prejudice.

## IV.   Conclusion

For the reasons herein stated, the court **grants** Defendants' Motion to Compel Arbitration and **dismisses** this action **with prejudice**. The court **denies** Defendants' Motion to Stay Litigation Pending Arbitration. The parties **shall arbitrate** all of Plaintiff's claims pursuant to and in accordance with the PDA.

**It is so ordered** this 18th day of September, 2014.

*[signature]*

Sam A. Lindsay
United States District Judge